**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**RODNEY TRAMMELL,
ADC #158043**                                                                                         **PLAINTIFF**

**V.**                              **CASE NO. 3:20-CV-127-BD**

**GREENE COUNTY
DETENTION CENTER,** *et al.*                                                               **DEFENDANTS**

**ORDER**

**I.**     **Background:**

Rodney Trammell, an Arkansas Division of Correction inmate who was once detained in the Greene County Detention Center (Detention Center), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) In his complaint and his amended complaint, Mr. Trammell claimed that, while at the Detention Center, Defendants Kolen and Cooper used excessive force against him and that Defendants Sergeant Brad, Cox, and Crittendon were deliberately indifferent to his health and safety.[1] (Doc. Nos. 2, 23)

Defendants have moved for summary judgment on all claims, contending that Mr. Trammell failed to fully exhaust his administrative remedies before filing this lawsuit. (Doc. No. 29) Mr. Trammell has responded to the motion, and it is ripe for decision. (Doc. No. 34)

---

[1] Mr. Trammell's claims against the Detention Center and his official-capacity claims against the Defendants have been dismissed. (Doc. No. 26)

**II.     Discussion:**

The Court is obligated to dismiss any claim that was not fully exhausted before May 6, 2020, the date Mr. Trammell filed his complaint in this case. See 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

An inmate's beliefs about exhaustion cannot be considered in determining whether administrative remedies were available and whether those remedies were fully exhausted. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). However, if the grievance process was unavailable to the inmate, that will excuse a failure to exhaust administrative remedies.

Here, the undisputed evidence presented by the Defendants shows that Mr. Trammell submitted 52 inmate grievances between June 29, 2019 and March 5, 2020.[2] (Doc. No. 31-3 at pp.1-53) The incidents giving rise to this lawsuit occurred on or about December 8, 2019. (Doc. No. 31-3 at p.40)

On December 14, 2019, Mr. Trammell submitted an inmate request complaining that his wrist was broken. (Doc. No. 31-3 at p.37) On December 16, 2019, he submitted an inmate request regarding an e-cigarette. (Doc. No. 39) That same day, he submitted a grievance requesting the names of the two officers who had transported him to the "hole"

---

[2] In addition, Mr. Trammel submitted one sick-call request during the relevant time period. (Doc. No. 31-3 at p.38)

the previous Sunday. (Doc. No. 31-3 at p.40) On December 21, 2019, Mr. Trammell submitted a similar request. (Doc. No. 31-3 at p.42)

In January of 2020, Mr. Trammell submitted five inmate requests or grievances. (Doc. No. 31-3 at pp.46-50) The issues raised in those grievances are not related to any claim pending in this lawsuit. In February and March of 2020, Mr. Trammell submitted three inmate requests or grievances. (Doc. No. 31-3 at pp.51-53) Again, the issues raised in those grievances are not related to the claims raised in this lawsuit.

In his complaints and his response to the Defendants' pending motion, Mr. Trammell admits that he did not fully exhaust his administrative remedies before filing this lawsuit. (Doc No. 2 at pp.4-5; Doc. No. 23 at p.2; Doc. No. 34 at p.1) He argues, however, that exhaustion should be excused because he was assigned to segregation where he did not have access to the kiosk system and could not file grievances.[3] The evidence provided by Defendants' proves otherwise.

Mr. Trammell had access to the grievance process during the time relevant to the event giving rise to this lawsuit, as evidenced by the unrelated grievances he filed during that time. He has not come forward with any evidence to contradict the evidence offered by the Defendants. There is no question that he failed to exhaust his administrative remedies before filing this lawsuit; and there is no cause to excuse his failure to exhaust.

---

[3] In addition, according to his grievance papers, Mr. Trammell was released from "the hole" on February 9, 2020. (Doc. No. 31-3 at p.50)

### III. Conclusion:

The Defendants' motion for summary judgment (Doc. No. 29) is GRANTED. Mr. Trammell's claims are DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies. The Clerk is instructed to close this case.

IT IS SO ORDERED, this 3rd day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE